**DALLAS RY. & TERMINAL CO.**
**v. KURTH et ux.**
No. 14466.

Court of Civil Appeals of Texas.
Dallas.
Feb. 15, 1952.

Rehearing Denied April 11, 1952.

Burford, Ryburn, Hincks & Ford; Bruce Graham and Howard Jensen, all of Dallas, for appellant.

Lucian Touchstone and Chas. E. Long, Jr., both of Dallas, for appellees.

CRAMER, Justice.

Appellee Kurth, hereafter called "Kurth," filed this suit against appellant Dallas Railway & Terminal Company, hereafter referred to as "Street Car Company," for damages growing out of personal injuries sustained by his wife in a fall while alighting from the rear door of one of the street car company's busses. The jury's answers to special issues were favorable to Kurth and judgment was rendered for Kurth for $5,000, and this appeal duly perfected therefrom.

The Street Car Company briefs three points of error in substance: (1) Failure of one of the jurors to reveal on voir dire examination that he had sued the Street Car Company prior to his service on this jury; (2) failure of one of the jurors to reveal on voir dire examination that he had theretofore had a claim for personal injuries against Cabell's, Inc.; and (3) that the damages allowed were excessive to such an extent as to show the jury was actuated by passion, prejudice, or improper motive.

Kurth counters, (1) that the Street Car Company made no timely objection to the service of the juror, J. R. Summers; made no showing of probable harm or prejudice; that the juror was fair and unbiased and made no attempt to withhold information on his voir dire examination; nor to mislead the Street Car Company's attorney who had taken the juror on a prior jury in a case where the Street Car Company was involved. (2) There was no evidence that Juror Smith prosecuted a claim for personal injuries or acted improperly on voir dire examination to any probable injury or prejudice to the Street Car Company; no showing of any concealing of information on voir dire. And (3) the damages were not excessive; no showing jury was actuated by passion or prejudice or any other improper motive.

Points 1 and 2 will be considered together. On the voir dire examination the attorneys examined the panel while sitting in two groups, one-half the panel in each group, and although each group was examined separately, the other group in each instance was present and within hearing of all questions to each group. When the general question (separately to each group) was asked as to whether or not any member of the panel had ever had a prior claim or claims for personal injuries or property damages, two of said jurors each answered that they had, and both such jurors were stricken from the jury list by the Street Car Company's attorneys, and did not sit on the panel which tried the case. Two other jurors who were members of the panel, to-wit, Jurors Summers and Smith, did not answer out to the question and were not stricken from the list, and did sit on the trial panel which returned the verdict.

On the hearing on the motion for new trial, the juror Summers testified in substance that he had never personally had a claim against the Street Car Company, but that about ten or twelve years before, his then minor son had a claim against it for some $12 or $14, and that his name had been used as a formal party in the filing of said suit; that such fact did not influence him and was not considered by him in connection with his verdict. Juror Smith, on the motion for new trial, testified on direct examination in substance, material here, that in the winter of 1949 he had been involved in an automobile accident with a Cabell's dairy truck on Highway 75, "before you get into Richardson, in front of the cemetery there, Restland Cemetery there. I ran into the back end of a truck sitting on the highway." He stated he was going south toward Dallas, about 6:30 a. m.; the other truck was parked in the middle of the highway; his brother was with him at the time; in the collision the steering wheel "was crammed up in my chest"; no broken bones. He said his claim was for property damage; he hired a lawyer and collected $150 for his part; he does not now suffer from the accident; he did remember telling Mr. Jensen, an at-

torney for the Street Car Company, when he called upon him after the trial, that the injury still bothered him once in a while. His lawyer in the Cabell case told him that he had a pretty hard case; after the accident he went to Dr. Goff's clinic in Garland. On examination by plaintiff's attorney he testified he answered the questions on voir dire truthfully to the best of his knowledge; that he did not make an effort to withhold any information and wanted to be fair to both sides, and judged the case solely on the evidence; that he did not, in passing on the case, take into consideration anything in his past experience in driving an automobile; he stated that he did not remember being asked if he had ever had a damage claim; that he had no bias or prejudice for either party and his verdict was based solely on the evidence. As far as he knew, his settlement was for property damage only. On redirect examination by the Street Car Company's attorneys, he stated he was examined after the accident by a doctor at Garland; he does not remember whether he told his lawyer on the Cabell claim that the steering wheel of his car had hit him in the stomach, he more than likely did; he would not deny he told Mr. Jensen at Sharp's hardware store that he sometimes suffered from a lick in his chest or stomach from the steering wheel; he does not believe that he answered out when the jury panel was asked the question as to whether any member had had claims against anybody for personal injuries. He went home before he went to the doctor at Garland; at that time he "figured I could have been hurt worse than what I thought I were." With reference to the pain in his chest, he testified, "I just got so sore I couldn't move." On recross, he testified that his damage claim against Cabell's was for property damage only,—to his automobile.

The rule applicable to the questions here involved is clearly stated in Traders & General Ins. Co. v. Cossman, Tex.Civ.App., 212 S.W.2d 865, ref.n.r.e.; Pearson v. Pearson, Tex.Civ.App., 195 S.W.2d 188; 8 Tex.Law Review 545, 553; Texas Employers' Ins. Ass'n v. Wade, Tex.Civ.App., 197 S.W.2d 203, ref.n.r.e.; and Texas Rules of Civil Procedure, rule 226. .The rule, in substance, is that where there is an uncertainty as to the effect of the withheld information on the mind of the juror as to what way the undisclosed information might affect his mind, a new trial should be granted. Texas Employers' Ins. Ass'n v. Wade, and other cases above cited. The criminal rule is the same as the civil rule. Norwood v. State, 123 Tex.Cr. R. 134, 58 S.W.2d 100.

It is our opinion that the jurors here involved did not, with intent to mislead, withhold the information with reference to prior claims. However we must decide the question not upon that fact, but we must consider the evidence as a whole and determine, under the rule above stated, whether or not there is an uncertainty as to the effect upon the juror, of the withheld information. So, considering the evidence as a whole and applying the proper test, we are of the opinion that there is no such uncertainty so far as the juror Summers is concerned. Point 1, for that reason, is overruled.

However, from such consideration we have reached the opinion that there is such uncertainty as to the Juror Smith and that his withholding of the information as to his prior claim did deprive the Street Car Company of material information necessary to its attorneys in their striking of its jury list; that there is such uncertainty as to the effect of such withheld information on the juror's mind as to make it necessary under the rule above referred to, to order a new trial. The fact that the juror did not answer out to the question and give the Street Car Company's attorneys the opportunity to judge for themselves whether or not they should strike such juror on their list, makes it necessary for us to sustain this contention.

The withholding of such information from the attorneys and the court had the effect of depriving the Street Car Company of a full panel of twelve fully qualified jurors absent of any suspicious or possible prejudice. We therefore sustain point 2.

The sustaining of point 2 requires a reversal and remand of the cause, and makes it unnecessary for us to pass upon point 3, since the jury's answer to the issue on damages may not be the same on another trial. For the reasons stated, the judgment below is reversed and the cause is remanded for a new trial.

Reversed and remanded.