**TEXAS EMPLOYERS' INS. ASS'N**

v.

**CHILDERS.**

No. 5006.

Court of Civil Appeals of Texas.

El Paso.

June 2, 1954.

Rehearing Denied June 16, 1954.

464

Turpin, Kerr & Smith, Midland, for appellant.

White & Yarborough, Dallas, for appellee.

FRASER, Justice.

This was a workman's compensation case wherein appellee Raymond E. Childers hereafter called plaintiff, recovered a judgment against defendant, Texas Employers' Insurance Association, (appellant) for total and permanent disability sustained while employed by the Dixilyn Drilling Company in Crane County, Texas. The case was tried to a jury and appellant's appeal is based on the omission of the juror Wommack to mention while being questioned on voir dire that he had sustained an accidental personal injury some eleven years prior to the trial. This matter was discovered by an employee of defendant who interviewed Mr. Wommack after the trial, and the testimony was elicited on the motion for new trial, which was overruled by the trial court.

Appellant takes the position by his brief and the authorities therein cited that the real point of issue in this case is not entirely whether or not probable harm resulted from the forgetfulness of juror Wommack, but that by virtue thereof an improper tribunal was established. for the trial of the lawsuit. The cases cited point up this

fact and theory and emphasize the danger and the uncertainty of the effect of such withheld information on the juror's mind, and that such required a reversal. Texas Employers' Ins. Ass'n v. Wade, Tex.Civ. App., 197 S.W.2d 203, n. r. e.; Traders & General Insurance Co. v. Cossman, Tex. Civ.App., 212 S.W.2d 865, n. r. e.; Dallas Ry. & Terminal Co. v. Kurth, Tex.Civ.App., 247 S.W.2d 930.

The logic and merit of this position is immediately apparent, and we cannot resist the force of the argument that the reasonable possibility of uncertainty as to the state of a juror's mind precludes the establishment of a proper tribunal. Some of the cases cited involved facts where the juror was as apparently forgetful as the juror in this case, without any apparent intention of deliberate concealment. This is a very close case, due to the fact that there was ample medical testimony to sustain the jury findings, plaintiff had had a serious operation on his back and there is no conflict about his being injured in line of duty; the jury had no apparent difficulty or conflict in answering the issues, the juror never mentioned the matter while on the jury, and lastly the other injury was eleven years prior to this trial and was of a hernia rather than a back injury. But after careful review of all the facts and evidence we feel that the principle involved, towit all possible uncertainty as to the fitness of the juror should be revealed and explored so that a tribunal proper to both sides might be established, is too valuable and precious to permit invasion or destruction by judicial erosion. We do not deal here solely with probable injury under Rule 327 T.R.C.P., but rather more with the establishment of a proper tribunal, accomplished by the presentation of all facts that might properly be of interest to either litigant or might in any way affect the acceptability of the juror or determine the litigants' decision as to exercising a peremptory challenge.

We therefore find that appellant's point is well taken and that the decision of the trial court must be reversed and remanded, and it is so ordered.