RAYMOND F. CHILDERS V. TEXAS EMPLOYERS
INSURANCE ASSOCIATION

No. A-4815. Decided December 15, 1954.
Rehearing overruled January 12, 1955.
(273 S.W. 2d Series 587)

*White & Yarborough* and *W. E. Johnson,* all of Dallas, for petitioner.

*Turpin, Kerr & Smith* and *Raymond L. Lynch,* all of Midland, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

This workmen's compensation case proceeded to trial in March, 1953, in the District Court of Crane County and resulted in a jury verdict in favor of petitioner and a judgment thereon allowing an award for total and permanent disability. The appeal was limited to one assignment of error. The respondent based its appeal solely on the ground that L. E. Wommack, one of the jurors who participated in the verdict, concealed material information on his voir dire examination. The assignment included the further contention that respondent would have exercised a peremptory challenge against the juror had it known of the fact that the juror had sustained a hernia in 1942 and had received compensation in the sum of $400, plus doctor's bills in settlement of his claim. The Court of Civil Appeals reversed and remanded the case to the trial court for a new trial. 269 S.W. 2d 463.

Mr. Wommack testified that at the time of the voir dire

examination and the trial he had forgotten the matter of his previous injury and did not recall that fact until respondent's representative approached him and raised the question. This was sometime after the conclusion of the trial of the case. Mr. Smith, attorney for respondent, testified: "Had the juror, Wommack, informed me of the nature of his accident and the seriousness of it, I would have exercised a challenge on the juror, L. E. Wommack." The trial court overruled the motion for new trial and entered judgment for the petitioner.

The Court of Civil Appeals applied the rule announced in the cases of Texas Employers' Ins. Ass'n. v. Wade, Texas Civ. App., 197 S.W. 2d 203; Traders & General Ins. Co. v. Cossman, Texas Civ. App., 212 S.W. 2d 865 and Dallas Ry. & Terminal Co. v. Kurth, Texas Civ. App., 247 S.W. 2d 930, 932. That rule was stated in the above cases to be that: "* * * * where there is an uncertainty as to the effect of the withheld information on the mind of the juror as to what way the undisclosed information might affect his mind, a new trial should be granted." Respondent contends that the failure of the juror to disclose the fact of his prior injury deprived it of the right to exercise a peremptory challenge and thereby an improper tribunal was established for the trial of the case. It further contends that under such circumstances it was not required to show that injury probably resulted.

We cannot agree that the testimony given by Mr. Wommack at the hearing on the motion for new trial, that he had forgotten the fact that he had sustained an injury 11 years prior to the date of trial of the present case, should be held to be immaterial. Nor do we approve the theory that the fact of failure to disclose that he had had a prior injury relieved the respondent of the burden of showing that it suffered probable injury. The failure of the juror on his voir dire examination to disclose information that he had suffered previous injuries is not the test to be applied in this case, unless the evidence shows that he concealed the fact of previous injury, as alleged in the motion for new trial, and that such action resulted in probable injury to the respondent. Rules 327, 434 and 503, Texas Rules of Civil Procedure. Rule 434 provides that no judgment shall be reversed on appeal and a new trial ordered by the Court of Civil Appeals in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the complaining party as was reasonably calculated to cause and prob-

ably did cause the rendition of an improper judgment in the case.

No probable injury is shown in this record by reason of the fact that Mr. Wommack served as a juror in the case. The cases relied upon by the respondent have no application here. The fact that the juror had forgotten the previous injury was proved, whereas, in the cases cited by respondent, such fact does not exist. The record in our case reveals that the 12 men who served as jurors testified on the motion for new trial that no argument arose and they had no difficulty during their deliberations in arriving at a verdict.

The evidence supports the verdict of the jury and the respondent raised no question against the judgment allowing petitioner compensation for total and permanent incapacity to work. The respondent was not deprived of its guaranty of a trial before a fair and impartial jury. A failure to disclose a fact which had been forgotten did not result in an improper tribunal being established.

The judgment of the Court of Civil Apeals is reversed and that of the trial court affirmed.

Associate Justices Garwood and Wilson dissenting.

Opinion delivered December 15, 1954.

Rehearing overruled January 12, 1955.