Ella May KELLEY, Administratrix of the Estate of William Roy Kelley, Appellant,

v.

Rickey F. PARKS, a minor, by and through his next friend, Lula Moore, et al., Appellees.

No. 12798.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 9, 1955.

Rehearing Denied March 3, 1955.

Eskridge, Groce & Hebdon, W. Pat Camp, San Antonio, for appellant.

Maverick, Putman & Putman, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Rickey F. Parks, a minor, suing by and through his next friend, Lula Moore, against Ella May Kelley, administratrix of the estate of William Roy Kelley, deceased, seeking to recover damages sustained by him personally and by reason of the loss of his father and mother, Douglas F. Parks and Bonnie Jo Parks, both now deceased. The minor was injured and his father and mother were killed in a collision between a Mercury automobile being driven at the time by Douglas F. Parks, father of Rickey F. Parks, and a Ford Pickup truck being driven at the time by William Roy Kelley, deceased husband of defendant. William Roy Kelley was also killed in the collision. The collision occurred on U. S. Highway 90, approximately eleven miles east of Luling, Texas, at about 7:30 p. m. on June 12, 1953.

The trial was to a jury and, based upon the answers of the jury to the special issues submitted, judgment was rendered in favor of plaintiff against defendant in the sum of $32,128, from which judgment Ella May Kelley, as administratrix, has prosecuted this appeal.

Appellant's first contention is that there was no evidence to support the finding of the jury that William Roy Kelley was negligent in driving on the wrong side of the road at the time of the collision, and that Douglas F. Parks was not guilty of any negligence. In this connection appellant also presents the contention that there was insufficient evidence to support the finding of the jury, and that the finding was so contrary to the great preponderance of the evidence as to be clearly wrong and unjust.

The Parks automobile was being driven by Douglas F. Parks along U. S. Highway 90 in an easterly direction, while the Kelley truck was being driven by William Roy Kelley along said Highway 90 in a westerly direction. Appellee introduced sufficient evidence, if believed by the jury, to establish the fact that the collision occurred on the south side of the highway, which was the right side for Parks and the wrong side for Kelley. No one capable of testifying survived the collision. Mr. and Mrs. Parks and Kelley were killed, and the minor was only three years of age at the time. There was evidence that Parks was driving his automobile in a proper manner, on his right-hand side of the highway, when about one-half mile from the point of the collision. There was also evidence that Kelley had drunk several bottles of beer on the day of the collision.

Appellant placed an expert witness upon the stand who determined from the angle at which the two vehicles struck, the marks and lack of marks on the highway, the points at which the two vehicles came to rest after the collision, and the speed of the vehicles, judged by the force of the impact, that the Parks automobile must have been driven to the north side of the highway just before the collision and was attempting to get back on the south side at the time of the collision.

■ This testimony was contradicted by an expert witness placed upon the stand by appellee. Appellant contends that the qualifications of her expert witness were shown to be much greater than those of appellee's expert witness. The trial judge determined, as a matter of law, that both of these witnesses were entitled to testify as experts, and the weight and credibility of their testimony was a matter to be determined by the jury. Jones v. Elliott, Tex. Civ.App., 259 S.W.2d 288; City of Teague v. Stiles, Tex.Civ.App., 263 S.W.2d 623. The evidence was sufficient to support the finding of the jury that the driver of the truck was guilty of negligence and that the driver of the Parks car was not guilty of contributory negligence.

■ Appellant next contends she should have been granted a new trial because the juror Robert Hughes failed to disclose, on voir dire examination, that he had joined his wife in making a claim against the San Antonio Public Service Company, which was settled for the sum of some $25. This occurred in November, 1931, and had been forgotten at the time of the trial by the juror. Appellant would have peremptorily challenged the juror, if he had remembered and disclosed this claim history. We overrule this contention on the very recent opinion of the Supreme Court in Childers v. Texas Employers' Insurance Association, Tex., 273 S.W.2d 587.

■ Appellant next contends that the court erred in the submission of the issue on unavoidable accident, in that the court misplaced the burden of proof.

The issue was submitted in the following manner:

Question No. 15: Do you find from a preponderance of the evidence that the accident in question was not the result of an unavoidable accident? Answer by stating: "It was not the result of an unavoidable accident" or "It was the result of an unavoidable accident."

We, the jury, answer: It was not the result of an unavoidable accident.

You are instructed that the term "unavoidable accident," as used in the above question, means the unexpected happening of an event which occurred without having

been proximately caused by the negligence of either driver of the two vehicles involved in the accident.

We overrule this contention. The precise question was recently passed upon by this Court in the case of Gilmer v. Griffin, Tex.Civ.App., 265 S.W.2d 252.

The judgment is affirmed.