**R. H. TUDOR, Appellant,**

v.

**V. E. TUDOR, Appellee.**

No. 6746.

Court of Civil Appeals of Texas.

Amarillo.

March 3, 1958.

Rehearing Denied March 31, 1958.

Nelson & McCleskey, Lubbock, for appellant.

Calloway Huffaker and Harold Green, Tahoka, for appellee.

CHAPMAN, Justice.

Appellant, R. H. Tudor brought this suit in the court below against his son, V. E. Tudor, to recover an alleged balance owing him upon a one-half interest he had previously sold his said son in one of his gins and also for an accounting and recovery of the balance of his one-half of the profits growing out of the operation of the gin. The case was tried to a jury, which resulted in a verdict finding the son

indebted to the father in the amount of $3,250. Judgment for that amount was entered by the trial court and appeal therefrom has been perfected by the father, R. H. Tudor.

Appellant's first point of error is to the effect that Mrs. E. C. Hogan, a member of the jury panel, who later became a member of the jury, failed to reveal on voir dire examination a bias and prejudice, which he contends she had and which he asserts proved fatal to his case.

No record was made by the court reporter of the questions propounded to the jury panel by the attorneys on vior dire examination but by brief appellant recognizes his council asked only general questions of the panel as a whole, which included the inquiry as to whether any of the jurors had ever had any experience in their background *which might or could influence them* in arriving at a verdict if they were chosen to serve. For the failure of Mrs. Hogan to respond affirmatively to such inquiry appellant urges reversible error. In his amended motion for new trial he alleges the lady had considered and discussed the case and had formed an opinion thereon prior to her selection and that she was not a properly qualified juror because of her failure to disclose that she knew of the case and talked with others about the purported facts, and that she and her husband had previously operated a gin and in doing so had occupied a position similar to the position of appellee herein and had formed a prejudice and bias which caused her to believe appellee should not recover.

We have searched the record carefully for proof of said assertions and have been unable to find any testimony of probative force in support thereof. Appellant placed E. C. Hogan, husband of the juror he is complaining against, on the witness stand as his witness and his testimony completely exonerates his wife from knowing either of the parties to the suit before the day of trial or from knowing anything

about the case before that time. Further, we find no testimony of probative force in the record to substantiate the assertion that the Hogans had at any time occupied a similar position in operating a gin to that of V. E. Tudor and his wife, Ruby. Mr. Hogan certainly should have been the best source of information for proving such alleged fact, yet the only evidence adduced from him by appellant that showed any experience with gins was that he was a seed buyer for the oil mill that does business with gins and had kept books in years past for the oil mill that loaned money to the Tudors in their gin operations. The juror witness Dean testified, "She stated that working at a gin was pretty hard work, and I believe she stated that she had done some of the book work, and she knew just how much work they had to put into it." Then the juror witness Williams testified, "The best I remember, she said she knew—her husband used to work at a gin and she knew what the gin business was, knew what it was to work long hard hours."

Had counsel for appellant, in examining the panel on voir dire simply asked the question as to whether any of the jurors or their families had ever had any experience in the gin business or dealing with gins and Mrs. Hogan had not answered in the affirmative he would have had a more tenable position to stand on in the point under discussion. We are certain Mrs. Hogan would contend to this day she had never had any experience in her background which might or could have influenced her in arriving at the verdict the jury reached. Apparently appellant was of the same opinion because he subpoenaed her as a witness on the hearing for alleged jury misconduct but failed to use her as a witness.

Appellant urges that the rule announced in Dallas Ry. & Terminal Co. v. Kurth, Tex.Civ.App., 247 S.W.2d 930, 932, applies to this case. That rule was stated to be, " * * * where there is an

uncertainty as to the effect of the withheld information on the mind of the juror as to what way the undisclosed information might affect his mind, a new trial should be granted." Appellant contends that the failure of the juror to answer affirmatively when the question above stated was asked the panel deprived him of the right to exercise a peremptory challenge and thereby an improper tribunal was established for the trial of the case. The failure of the juror, Mrs. Hogan, to answer on voir dire as to whether she had ever had any experience in the gin business or dealing with gins is not the test to be applied in this case. The test is whether she had ever had any experience in her background *which might or could influence her* in arriving at a verdict if she should be chosen to serve. From the very form of the question she was not required to answer such general panel inquiry unless in her mind such experience *might or could influence her*. An analogous case is that of Roy L. Jones Truck Line v. Johnson, Tex.Civ. App., 225 S.W.2d 888. In that case a juror in a death action, when a general question was propounded the jury panel as to whether anything in the jurors' experience would cause them to lean one way or the other in such case and prevent the jurors from being fairly equal to the defendant and the plaintiff alike, did not divulge that his father in a damage suit had recovered a large judgment which was subsequently reversed. The Galveston court held the failure of the juror to divulge such fact was not reversible error. Even if it should be said that Mrs. Hogan was a prejudiced juror at the time of voir dire examination, a fact the trial court refused to find, her selection would have to have been made without fault or lack of diligence on the part of counsel in the examination of the panel. The test in our case is (1) whether the complainant sufficiently examined the juror touching her qualifications; and (2) whether the complainant was misled by the silence of the juror on a collective examination. Liberty Cab Co. v. Green, Tex.

Civ.App., 262 S.W.2d 522. In this case we are forced to the conclusion that appellant in his examination of the jury panel wholly failed to meet this test. Further, the burden is on appellant to show that such failure to answer affirmatively the general question asked probably resulted in injury to him. Rule 327, Texas Rules of Civil Procedure; Childers v. Texas Employers' Insurance Association, 154 Tex. 88, 273 S.W.2d 587. Point one is overruled.

Points of error numbers two and three being complaints for alleged jury misconduct will be discussed together. All the complaints of jury misconduct are leveled at the actions of the lady juror, Mrs. E. C. Hogan. Since Mrs. Hogan is referred to as "The Lady Juror" in the record we assume she was the lone female among the twelve jurors, yet, it is urged by appellant that she was responsible for influencing the eleven other jurors on the verdict rendered. It is difficult for us to imagine a female so dominant that she could completely influence the verdict of eleven men jurors in a case with the myriad figures that are involved in this case of accounting on gin income and profits. Let us look at the facts.

One ground of misconduct urged is that Mrs. Hogan discussed the case with her husband at nights when the jury was permitted to go to their respective homes. This assertion is vehemently denied by her husband, appellant's witness. Even if it might be said that appellant offered evidence of probative value to the contrary it made a fact question for the court which he has resolved against appellant's contention. Traders & General Insurance Co. v. Gibbs, Tex.Civ.App., 229 S.W.2d 410; Texas Employers' Insurance Association v. Doroteo Garza, Tex.Civ.App., 308 S.W.2d 521.

Another ground of misconduct alleged is that Mrs. Hogan discussed in the jury room the fact that she knew what it was to work long hard hours such as had been required of V. E. Tudor and his wife.

All the jurors who testified on the motion made on alleged jury misconduct admitted that this argument by Mrs. Hogan was on the question of whether the jury would allow any salary or wages for the work V. E. Tudor and his wife, Ruby did at the gin and each of them testified that in their calculations as to the amount of recovery they did not allow anything to appellee on his cross-action for wages for himself and wife while working at the gin. Some of the jurors also testified it was common knowledge that gin work in the busy season required long hard hours. Under the holding of Tennessee Gas Transmission Co. v. Hall, Tex.Civ.App., 277 S.W.2d 733 such statement, argument and conversation did not constitute reversible error. In any event it would be harmless error under the facts as testified to by the jurors in this case.

Complaint is also made of the fact that Mrs. Hogan did some figuring on the case at night, yet, each of the juror witnesses admitted that so far as they knew all figures she used in discussing the case in the jury room were figures that had been used throughout the trial.

We have read very carefully all the testimony given by the juror witnesses on alleged jury misconduct and they impress us as being only such arguments as would naturally arise in a bitterly contested case. It is not at all unnatural that different jurors might have differing views in a case as hotly contested as this case. Under such circumstances some arguments would have to be permitted between jurors in a jury room before a unanimous verdict could ever be reached.

■ Under Rule 327, T.R.C.P. the burden is now on the complaining party not only to prove, by a preponderance of the evidence, that the jury was guilty of misconduct, but also to show that the misconduct probably resulted in injury to him. Stotts v. Love, Tex.Civ.App., 184 S.W.2d 308; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Texas Employers' Insur-

ance Association v. Doroteo Garza, Tex. Civ.App., 308 S.W.2d 521. When we apply the rules announced in the cases just cited to the instant case we must overrule appellant's points two and three.

■ Appellant's fourth and last point of error is that the answer of the jury to Special Issue No. 2 is contrary to the preponderance of the evidence and is against the greater weight of evidence.

■ Great numbers of figures were used by each side in an effort to justify their respective systems of accounting and the testimony supporting same. The gin was valued by the father at $96,000 for the purpose of sale of the one-half interest to his son. $48,000 would have to have been paid to appellant for appellee's one-half interest, and in addition appellant was entitled to one-half the net profits from the operation of the gin as long as he kept his one-half interest. Neither the sale nor any of the transactions pertaining thereto were in writing and the two parties, father and son, testified quite differently as to withdrawals, items of upkeep and payments from the gin partnership income of indebtednesses exclusively the responsibility of appellant. Their respective views as to the remaining amount the son owed the father varied from an amount exceeding $50,000 testified to by the father to as low as $1,775 urged by the son. Appellant's contentions are contrary to his inventory required in a divorce case he was involved in during the existence of the gin partnership between himself and his son, and do not exactly conform to the partnership income tax returns. As for that matter, neither does the testimony of the son completely conform to such returns. In his brief the son has advanced five theories or bases of accounting to justify his contentions that he did not owe more to his father than the amount assessed by the jury. It requires no citation of authority for us to say it is the prerogative of a jury to believe or reject any part or all of the testimony of either party in arriving at their answers to the questions submitted. When

they have done so this Court must resolve every intendment from the evidence in favor of the jury's findings. Truelove v. Truelove, Tex.Civ.App., 266 S.W.2d 491; City of Austin v. Salazar, Tex.Civ.App., 241 S.W.2d 445; Texas Employers' Insurance Association v. Doroteo Garza, Tex. Civ.App., 308 S.W.2d 521. In both the Truelove case and the Texas Employers' Insurance Association case just cited this court has held that in order to test the sufficiency of the evidence to determine if it will support the jury findings, we must give credence only to the evidence and circumstances favorable to the findings and disregard all evidence to the contrary, indulging every legitimate conclusion which tends to uphold such findings. The authority of these cases would require us to overrule appellant's fourth point.

Accordingly, the judgment of the court below is in all things affirmed