A. C. **ELLIOTT**, Appellant,

v.

Charles S. **SHAW**, Appellee.

No. 4523.

Court of Civil Appeals of Texas.

Waco.

Dec. 8, 1966.

Rehearing Denied Dec. 8, 1966.

R. A. Kilpatrick, Cleburne, Stark & Davey, Gainesville, for appellant.

Garrett & Garrett, Fort Worth, for appellee.

## OPINION

WILSON, Justice.

A take-nothing judgment based on a jury verdict was rendered in this rear-end automobile collision case.

Appellant plaintiff complains of the overruling of his motion for new trial on the ground, supported by an affidavit, that one of the jurors, when asked on voir dire whether he knew defendant, answered he did not, although he later realized that he "had known him since boyhood" and that defendant had played with the juror's children.

The juror's affidavit does not constitute evidence of the matters recited in it. Harris v. Smith, Tex.Com.App., 265 S.W. 546; Allan v. Materials Transp. Co., Tex.Civ.App., 372 S.W.2d 744; 41 Tex.Jur. 2d, Sec. 191, p. 405. It is for the purpose of assuring the court evidence will probably be elicited. Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644; Ivy v. Carrell, Tex.Sup., 407 S.W.2d 212.

The evidence on the motion for new trial hearing is that a juror who sat in the case when asked if he "knew Mr. Shaw", answered he did not. He believed the answer to be true. Appellee Shaw was not in the courtroom during the jury selection. The third day of the trial Shaw first came in the courtroom and the juror then recognized him. He did not apprise the court or attorneys of this fact because the jury had already been selected. He testified he had not seen appellee since he was a small child, but "he had played with my children when they were young", about 15 years before. He had not seen Shaw in a "number of years." The juror testified he did not refer to his acquaintance in the deliberations.

In our opinion it does not reasonably appear that injury probably resulted to appellant. See Rules 327, 434, Texas Rules of Civil Procedure; Childers v. Texas Employers' Insurance Ass'n, 154 Tex. 88, 273 S.W.2d 587, 588; Dunn v. Sears Roebuck & Co., Tex.Civ.App., 371 S.W.2d 731, writ ref., n. r. e.

Another point complains of overruling the motion for new trial on the ground of newly discovered evidence to the effect appellee had told a witness that he had been drinking on the night of the accident and was "glad to get away from the accident." Appellee testified on the trial that he had been drinking. A new trial will not be granted on the ground of newly discovered evidence unless it is made to appear it is not merely cumulative. New Amsterdam Casualty Co. v. Jordan, Tex. Sup., 359 S.W.2d 864, 866.

We have considered all appellant's points, including those asserting there is no evidence or insufficient evidence to support the verdict, and they are overruled.

Affirmed.