**SHELBY BISCUIT COMPANY, Inc., Appellant,**

**v.**

**Charles ROBBINS et ux., Appellees.**

**No. 4625.**

Court of Civil Appeals of Texas.

Waco.

July 13, 1967.

Rehearing Denied Aug. 3, 1967.

Foreman, Dyess, Prewett, Henderson & Cantey, A. D. Dyess, Jr., Houston, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, W. James Kronzer, Houston, for appellees.

## OPINION

WILSON, Justice.

Defendant-appellant's truck struck plaintiff-appellee's automobile in the rear while the latter vehicle was stopped at a signal light. Judgment for plaintiff was rendered on a jury verdict. We affirm.

Appellant challenges numerous adverse jury findings as to negligence and proximate cause on the grounds there is no evidence, or insufficient evidence, to support them. It is necessary only to consider these contentions as to one ground of recovery.

The jury found appellant's negligence in the following respects was a proximate cause of the collision: failure of its driver to apply the emergency brake, failure to have its truck equipped with brakes capable of bringing the truck to a stop within 30 feet at 20 miles per hour (Art. 6701d, Sec. 132(b), Vernon's Ann.Civ.Stat.), failure to maintain the brakes in good working order (id., Sec. 132(c), V.A.C.S.), and failure to properly inspect the brakes. Negative answers were returned concerning "emergency" and unavoidable accident.

■ The evidence was adequate to support the jury findings that the failure of appellant's driver to apply the emergency brake on his truck was negligence and a proximate cause.

Appellant's truck was following the automobile in which plaintiff was riding. The street was wet; traffic in the one-way street was heavy, and all four of its lanes were filled. Appellant's driver testified he was moving at about 20 miles per hour when plaintiff's car stopped, second in line, for the traffic signal. It was the truck driver's opinion he could have stopped if his hydraulic brakes had worked properly. He testified he had been following plaintiff's car about 30 feet behind before he "began to slow for the intersection." He slowed his vehicle as he crossed a railroad track about 200 yards from the intersection.

He testified: "All the traffic was slowing down. I stepped on my brake pedal and it went to the floor. I re-pumped it, and I didn't have any brakes at all. I might have slowed down to about ten miles an hour." When he discovered he had no brakes, he said he "looked both ways in the mirror to see if I could dodge. I shifted into second gear to try to slow it. I tried to shift into low, but I couldn't get it in low." Asked approximately how much time elapsed from the time he found his hydraulic brakes were

ineffective until the impact, he answered, "I will say a couple of seconds at most."

The emergency hand brake lever was on the right side, and could be reached by leaning over and grabbing. "It wouldn't take more than a second or two", the driver testified. The mechanical hand emergency brake, as required by Art. 6701d, Sec. 132, was operated independently of the hydraulic brake system. The hydraulic brakes had been dragging and grabbing before the accident. The truck driver said at the time of the accident, it was testified, "My brakes were bad and went out. I had been trying to get them fixed, and they had put some brake fluid in them that morning, and they couldn't get them fixed. They had been that way for several weeks." Appellant's mechanic, however, testified no complaint as to grabbing or dragging of brakes had been made to him, and he had not added any brake fluid.

Appellant argues that since the driver testified he had no more than two seconds in which to act, reaction time being taken into account, there was not time to apply the emergency brake, the failure to apply it was not negligence or a proximate cause, and the accident would have occurred even if the brake had been applied.

■ The jury was not required to accept the estimates of appellant's driver as conclusively establishing speed, time and distance factors testified to by him. His testimony is not clear and without contradiction in these respects. The jury could properly consider that the driver anticipated a hydraulic brake failure, since he testified to defects and inadequacy; that he testified he had time to look to right and left to see if there was space to turn; that he had time to "gear down" to second gear, and to attempt to reduce to low; that in view of the point at which he testified he

began to retard his speed, the distance between vehicles was much greater than 30 feet when his hydraulic brakes failed, and consequently, he had a much longer interval, even at ten miles per hour, in which to act.

The evidence, therefore, supports the findings relating to failure to apply the emergency brake.

■ Appellant then insists these findings conflict with the answer "we do not" to the issue inquiring whether the jury found from a preponderance of the evidence that its driver was acting under an emergency. The syllogism is, as we understand it, that the driver was under no duty to use his "emergency brake" if there was no "emergency". The shadowy position is most readily answered by the fact that "emergency" was defined as a condition not proximately caused by defendant's negligence. The findings are not in conflict, but are consistent.

It is unnecessary to pass on appellant's attack on other negligence findings. What we have said above is a basis for overruling complaints as to the sufficiency of evidence on the finding the collision was not the result of an unavoidable accident, and on that concerning "emergency".

■ A point asserting a juror had a preconceived notion that the driver of the rear vehicle was always at fault in rear end collisions is not sustained by the record. Appellant's contention requires our acceptance of an affidavit of the juror attached to the motion for new trial. It is hearsay, and may not be considered as evidence. Elliott v. Shaw, Tex.Civ.App., 410 S.W.2d 247, syl. 1, and cases cited.

We have considered complaints as to the damage issues and findings. They are overruled. Affirmed.