**Edgar Roy FOLSOM, Appellant,**

v.

**Monty FOLSOM and Cheryl Skidmore, Appellees.**

**No. A2376.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 30, 1980.

Rehearing Denied May 21, 1980.

W. Arthur Combs, Houston, for appellant.

Randall N. Finley, Finley & Schlanger, Houston, for appellees.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is a will contest. Edgar Roy Folsom (appellant) sought probate of the will of his brother, William Stanton Folsom in Probate Court No. 2 of Harris County. The will named appellant as the sole beneficiary and independent executor of the estate. The children of the deceased, Monty Folsom and Cheryl Skidmore (appellees) filed a contest of the will alleging the testator's lack of testamentary capacity and the exertion of undue influence by the appellant. The court sitting without a jury found that the testator had testamentary capacity when he executed the will, but denied the admission of the will to probate on the basis of the exertion of undue influence by appellant.

Appellant contends that there was no evidence, or alternatively, insufficient evidence to support the trial court's finding of undue influence. Generally, undue influence has been defined as "such influence or dominion as exercised at the time, under the facts and circumstances of the case, which destroys the free agency of the testator, and substitutes in the place thereof the will of another." *Long v. Long*, 125 S.W.2d 1034, 1035 (Tex.Sup.1939). Undue influence

may be proved by circumstantial, as well as direct, evidence; however, the circumstances "must be of a reasonably satisfactory and convincing character . . . ." *Rothermel v. Duncan*, 369 S.W.2d 917, 922 (Tex.Sup.1963).

■ Although each case must stand on its own facts and circumstances, there are certain factors which may be considered in determining the existence of undue influence. Such factors include the physical and mental condition of the testator, including his age and any weakness or infirmity; an unnatural disposition of the property; and the participation by the beneficiary in the preparation or execution of the will. *Long v. Long, supra*. In addition, other factors to be considered are the relationship between the testator, the contestants and proponent of the will; the circumstances surrounding the execution of the will; and the interest and opportunity existing for the exertion of undue influence. *Rothermel v. Duncan, supra*. Finally, the susceptibility to influence of the testator may be considered.

■ With the above factors in mind, we must now consider whether the record contains sufficient evidence to support the finding of undue influence. The testator returned to Texas from California in 1977. From that point on, appellant handled the testator's business affairs and his money. The evidence discloses that the testator was an alcoholic, who had been treated for alcoholism in California and when he returned to Texas. The evidence shows that he was intoxicated much of the time since his return to Texas until his death in March of 1979. During the last months of his life, the testator experienced weight loss, dizziness and had to undergo cancer treatment.

On the day the will was executed, testator had spent the entire day in the hospital undergoing cancer therapy, and was very weak at the end of the day. The will was executed in the house of a notary public. Although it is not clear from the record whether appellant was in the room at the time the testator signed the will, it is clear that he was in the same house. Appellant's long time attorney had drawn the will and had given it to appellant for him to deliver to the testator.

The testator's mother and father died in January and February of 1979, respectively, just before he executed the will. Moreover, there was a short period of time between the execution of the will on February 9, 1979 and the testator's death on March 16, 1979.

The will named appellant as the sole beneficiary of the testator's estate and appellant's son, Allen Leroy Folsom, as the sole alternate beneficiary. Although appellant did care for him, there is considerable evidence that the testator loved his children and had expressed a desire to provide for them in his will. Although it might be conceivable to name Edgar Roy Folsom in the will, it seems totally inconsistent with the testator's wishes to name appellant's son as the sole alternate beneficiary. This is particularly true in light of the conflicting evidence as to whether the testator even liked appellant's son.

The evidence also reflects that the testator was easily influenced and was dependent on others for his survival. Taken as a whole, the circumstances and facts are sufficient to support a finding of undue influence.

■ Appellant also complains that his motion for new trial should have been granted on the basis of additional evidence that appellant attempted to offer at the hearing on the motion for new trial. We disagree. A new trial will not be granted on the ground of newly discovered evidence if the evidence is merely cumulative as the profered evidence was in this case. *Elliott v. Shaw*, 410 S.W.2d 247 (Tex.Civ.App.—Waco 1966, no writ). Appellant's points of error are overruled and the judgment is affirmed.

Affirmed.