William G. BOUTELL, Appellant,

v.

Thelma HILL, a feme sole, Appellee.

No. 6300.

Court of Civil Appeals of Texas, El Paso.

July 25, 1973.

Collins, Langford & Pine, Robert S. Pine, Odell S. Holmes, Jr., El Paso, for appellant.

Gochman & Weir, Arthur M. Gochman, Warren Weir, San Antonio, C. Larry Mathews, Jr., El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is an appeal from a suit brought by plaintiff-Appellee, Thelma Hill, against defendant-Appellant, William G. Boutell, to establish the existence of an alleged partnership between the two parties and for a full accounting. The jury found an oral partnership existed and Appellant has appealed from a judgment of $39,107.00 found to be Appellee's share of the partnership profits. We affirm.

The facts, briefly stated, are that Appellee was engaged in the business of owning and operating carnival rides at Washington Park in El Paso. Appellant also was in the business of owning and operating carnival rides which he transported to and from various fair locations in the United States. Both Appellant and Appellee had been in the carnival ride amusement business for many years, and in 1964, while on a trip to Europe, Appellant became impressed with a ride known as the "Zyklon" which he decided to introduce in the United States. The "Zyklon" was a large ride of the "roller coaster" type and required a substantial initial investment. The two parties discussed the possibility of buying the ride in the fall of 1965, and, as a result of such discussion, the ride was purchased in the early part of 1966 for a price of $71,000.00, exclusive of shipping costs and other expenses. Appellant and Appellee signed as partners on a $40,000.00 note of

which most was used for the purchase price of the "Zyklon," with Appellee putting up a large proportion of the collateral. This particular ride was sold by Appellant before the beginning of the 1968 season for a price of $75,000.00. The jury found that a partnership did in fact exist between the parties, and Appellant does not contest this finding on appeal.

■ Appellant's first point of error is that the trial Court erred in failing to hold that Appellee's cause of action was barred by the Statute of Frauds. Tex. Bus. & Comm. Code Ann. Sec. 26.01(a)(1) and (2), V.T.C.A., provides:

"(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him."

Appellant's specific complaint concerns Sec. 26.01(b)(6), which brings within the prohibition of the Statute of Frauds:

"(6) an agreement which is not to be performed within one year from the date of making the agreement; and (R.S. Art. 3995.)"

Appellant further points to the affirmative jury finding stating in part:

". . . that the partnership agreement, . . ., was in contemplation of the parties to continue for more than one year from the date of the making thereof."

It is undisputed that the oral partnership in this case was for an indefinite period of time. And, being for an indefinite period of time, it must be shown that the oral partnership agreement provided for a period extending beyond a year, not merely that the parties contemplated such agreement to extend beyond a year. In Sapphire Royalty Company v. Davenport, 306 S.W.2d 202 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.), the Court stated:

"The fact that it is improbable that performance will occur within a year, or, that the parties think it will continue beyond a year, matters not if the agreement itself does not provide a period extending beyond the year. And the fact that it does, as here, continue more than a year does not offend the statute. 49 Amer.Jur., § 28, p. 389; Warner v. Texas & P. R. Co., 164 U.S. 418, 17 S.Ct. 147, 41 L.Ed. 495; 20–A Tex.Jur., pp. 322–323; Lennard v. Texarkana Lumber Co., 46 Tex.Civ.App. 402, 94 S.W. 383; Rainwater v. McGrew, Tex.Civ.App., 181 S.W.2d 103, writ ref. w. m."

See also Hall v. Hall, 158 Tex. 95, 308 S.W. 2d 12 (1957); Bratcher v. Dozier, 162 Tex. 319, 346 S.W.2d 795 (1961); Terrazas v. Sullivan, 470 S.W.2d 904 (Tex.Civ.App.— El Paso 1971, writ ref'd n. r. e.); Eisenbeck v. Buttgen, 450 S.W.2d 696 (Tex.Civ. App.—Dallas 1970, no writ). Appellant's first point of error is overruled.

■ Appellant's second point of error is that the trial Court erred in failing to hold that Appellee's cause of action was barred by the application of the Statute of Limitations. The jury found that Appellee learned in December, 1967, that Appellant had sold the ride. Art. 5527, Vernon's Ann. Texas Civ. St. provides:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

\*    \*    \*    \*    \*    \*

3. Actions by one partner against his co-partner for a settlement of the partnership accounts, or upon mutual and current accounts concerning the trade of merchandise between merchant and merchant, their factors or agents; and the

cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together. Acts 1841, p. 163; P.D. 4604; G.L. vol. 2, p. 627."

The suit was initiated in 1970, and we decline to accept Appellant's argument that Art. 5526, V.A.T.C.S., applies, which would bring this case within the two year statute of limitations. Appellant concedes in his brief that present Texas law is to the contrary. Conrad v. Judson, 465 S.W.2d 819 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r.e.; 405 U.S. 1041, 92 S.Ct. 1312, 31 L. Ed.2d 582, cert. denied); Heathington v. Heathington Lumber Company, 398 S.W.2d 822, 420 S.W.2d 252 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). Appellant's second point of error is overruled.

Appellant's third and fourth assignments of error are that the jury's answer to Special Issues 4 and 6 are "against the greater weight and preponderance of the evidence." Issues 4 and 6 which were submitted to the jury read as follows:

### "QUESTION NO. 4.

What sum of money, if any, do you find from a preponderance of the evidence, was the total operating expenses of the ride in question, during the year 1966? Answer in dollars and cents, or none.

In connection with this issue you are instructed that you may take into consideration all sums directly attributable to the ride in question, including, but not limited to, the percentages paid to the operators or contractors of the fairs and shows involved, maintenance costs, salaries and wages, transportation expenses, insurance costs and other incidental expenses in connection therewith.

We answer: $113,065.00 . . . "

### "QUESTION NO. 6.

What sum of money, if any, do you find from a preponderance of the evidence was the total operating expense of the ride in question during the year 1967? Answer in dollars and cents, or none.

In connection with this issue you are instructed that you may take into consideration all sums directly attributable to the ride in question, including, but not limited to, the percentage paid to the operators or contractors of the fairs and shows involved, maintenance costs, salaries and wages, transportation expenses, insurance costs and other incidental expenses in connection therewith.

We answer: $130,000.00 . . . "

■ In consideration of the above, the jury had before it numerous conflicting figures. Appellant predicated his figures on the theory that, since he was operating three different rides during 1966 and 1967, and the total expenses for all of the rides were $212,245.00 in 1966 and $244,534.00 for 1967, the expenses should be divided equally between all three rides. The record reflects ample evidence that the expenses for the three rides were not equal, and Appellant admits such in his brief. It was within the province of the jury to resolve the conflicts in the figures and evidence of accounting offered by both Appellant and Appellee. Tudor v. Tudor, Tex.Civ.App., 311 S.W.2d 733; 158 Tex. 559, 314 S.W.2d 793 (1958). Having considered all of the evidence and the reasonable inferences arising therefrom, these points raising the factual insufficiency of the evidence are overruled.

The judgment is affirmed.