ACCEPTED
04-15-00008-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/8/2015 4:18:55 PM
KEITH HOTTLE
CLERK

NO. 04-15-00008-CV

# In The Court Of Appeals
# Fourth District of Texas – San Antonio

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
4/8/2015 4:18:55 PM
KEITH E. HOTTLE
Clerk

## BAKKE DEVELOPMENT CORPORATION

*APPELLANT*

**v.**

## EDDIE L. ALBIN and KIM L. ALBIN

*APPELLEES.*

*On Appeal from 216th District Court, Kendall County, Texas*
*Cause No. 13-192*

# APPELLANT'S BRIEF

**MARK A. RANDOLPH**
**HORNBERGER FULLER & GARZA INC.**
State Bar No. 0079148
randolph@hfgtx.com
7373 Broadway, Suite 300
San Antonio, Texas 78209
(210) 271-1700 Telephone
(210) 271-1731 Facsimile

ATTORNEY FOR APPELLANT

**ORAL ARGUMENT REQUESTED**

## Identity of Parties and Counsel

| Appellant (Plaintiff): | Counsel: |
|---|---|
| Bakke Development Corporation | Mark A. Randolph<br>Hornberger Fuller & Garza, Inc.<br>7373 Broadway, Suite 300<br>San Antonio, Texas 78209 |
| Appellees (Defendants):<br><br>Eddie L. Albin and Kim L. Albin | Counsel:<br>Mark Comuzzie<br>Matthew E. Vandenberg<br>Jackson Walker, LLP<br>112 E. Pecan Street, Suite 2400<br>San Antonio, Texas 78205 |

# TABLE OF CONTENTS

**Page**

**Request for Oral Argument** ....................................................................1

**Statement of Issues Presented** ..............................................................2

**Statement of Facts** ................................................................................3

**Summary of the Argument** ...................................................................7

**Argument** ..............................................................................................9

1. **Standard of Review** .....................................................................9

2. **The statute of frauds is inapplicable because the agreement can be performed in less than one year.** ...............................................10

3. **The statute of frauds does not apply because the partnership agreement does not involve the conveyance of real estate.** .........................12

4. **Equity prevents the application of the statute of frauds because Bakke partially performed on the agreement.** ......................................15

**Prayer** ..................................................................................................17

**Certificate of Compliance** ...................................................................19

**Certificate of Service** ..........................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Tobacco Co. v. Grinnell*,
951 S.W.2d 420 (Tex. 1997) ...............................................................................9

*Bank of Texas v. Gaubert*,
286 S.W.3d 546 (Tex. App.—Dallas 2009, pet. dismissed w.o.j.) ...................15

*Berne v. Keith*,
361 S.W.2d 592 (Tex. Civ. App.—Houston 1962, writ ref'd n.r.e.).................14

*Beverick v. Koch Power, Inc.*,
186 S.W.3d 145 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ...............11

*Boutell v. Hill*,
498 S.W.2d 713 (Tex. App.—El Paso 1973, no writ).......................................11

*Hamilton v. Wilson*,
249 S.W.3d 425 (Tex. 2008) (per curiam) ........................................................10

*Heathington v. Heathington Lumber*,
398 S.W.2d 822 (Tex. App.—Amarillo 1996, writ ref'd n.r.e.).........................11

*Holloway v. Dekkers*,
380 S.W.3d 315 (Tex. App.—Dallas 2012, no writ)..........................................16

*Howell v. Bowden*,
368 S.W.2d 842 (Tex. App.—Dallas 1963, writ ref'd n.r.e.)......................10, 11

*Keystone Int'l, Inc. v. Ingham*,
593 S.W.2d 354 (Tex. App.—Texarkana 1979, no writ).................................11

*N.E. Indep. Sch. Dist. v. Kelley*,
277 S.W.3d 442, 444 (Tex. App.—San Antonio 2008, no pet.) .........................9

*Pappas v. Gounaris*,
311 S.W.2d 644 (Tex. 1958) ............................................................................14

*Sewing v. Bowman*,
371 S.W.3d 321 (Tex. App.—Houston [1st Dist.] 2012, writ denied).........13, 14

*Shropshire v. Adams*,
 40 Tex. Civ. App. 339, 89 S.W. 448 (Tex. Civ. App. 1905, no writ) ................11

*Smith v. O'Donnell*,
 288 S.W.3d 417 (Tex. 2009) ...............................................................................9

*Sysco Food Serv., Inc. v. Trapnell*,
 890 S.W.2d 796 (Tex. 1994) ...............................................................................9

**STATUTES**

Texas Business Organizations Code § 152.052.......................................................10

Texas Business & Commerce Code § 26.01.......................................................10, 13

**Request for Oral Argument**

Appellant Bakke Development Corp. ("Bakke") urges the Court to hear oral argument because Bakke believes that oral argument will assist the Court in addressing the issues and deciding this appeal.

## Statement of Issues Presented

**First Issue:**

Can a fully-formed partnership that is terminable at will violate the statute of frauds requirement that contracts must be performable within one year from the date of the making of the agreement?

**Second Issue:**

Is a partnership which is formed for the purpose of jointly developing (not purchasing) real property subject to the statute of frauds?

## Statement of Facts

Bakke Development Corp. ("Bakke") develops real property.[1] Eddie L. Albin and Kim Albin represented to Bakke that they owned an approximately 65 acre tract of land located in Boerne, Texas known as the Theis Property.[2] The parties expressed an intent and desire to develop the Theis Property into an apartment complex/mixed use development (hereinafter, the "Project").[3] After meetings at the Theis Property, the parties formed a general partnership for the development and operation of the Theis Property (the "Partnership") as an apartment complex/mixed use development.[4]

Per the Partnership terms, the parties agreed in pertinent part that:

- Mr. and Mrs. Albin would contribute the Theis Property to the Partnership;[5]

- Bakke would contribute to the Partnership a retail shopping center and the associated real property located in Kendall County, Texas, known as the "Menger-Shumard Retail Center";[6]

- Bakke would pay debt associated with the Theis Property out of cash flow from the Menger-Shumard Retail Center and/or through the proceeds of debt financing obtained by Bakke;[7]

---

[1] 1 C.R. at 199.
[2] 1 C.R. at 211, 227.
[3] 1 C.R. at 227.
[4] 1 C.R. at 211, 227-228.
[5] 1 C.R. at 211-212, 228.
[6] 1 C.R. at 212, 228.
[7] 1 C.R. at 212, 228.

- Bakke would develop and operate the Project;[8] and

- Bakke and the Albins would share equally the profits and losses of the Project.[9]

Upon formation of the Partnership, Bakke immediately began, among other things, to develop the Project, including obtaining plans and meeting with government officials for the necessary approvals to commence the Project.[10] Bakke also began obtaining financing for both the Project and to satisfy the debt associated with the Theis Property and contributing the Menger-Shumard Retail Center to the Partnership.[11]

Despite Bakke's performance of its obligations to the Partnership, the Albins refused the Partnership use of the Theis Property.[12] Furthermore, the Albins disclaimed the Partnership and all their obligations to it.[13] The Albin's actions in breach of the Partnership agreement and their fiduciary duties have halted development of the Project, necessitating the filing of this lawsuit.[14]

---

[8] 1 C.R. at 212, 228.
[9] 1 C.R. at 212, 228.
[10] 1 C.R. at 228-229.
[11] 1. C.R. at 228-229.
[12] 1 C.R. at 228.
[13] 1 C.R. at 147, 228-229.
[14] 1 C.R. at 200-201.

Bakke is suing the Albins for breach of the partnership agreement, breach of fiduciary duties, establishment of a constructive trust, promissory estoppel and fraud.[15]

The Albins filed three motions for summary judgment in this case.[16] In the first motion, the Albins argued that the partnership agreement was an oral contract to convey real property and thus was enforceable under the statute of frauds.[17] On April 22, 2104, Judge Stephen B. Ables denied this motion.[18]

Then on August 21, 2014, the Albins moved for partial summary judgment on the grounds that the statute of frauds applies because (1) the agreement cannot be performed within a year, (2) the agreement involves the transfer of an interest in land, (3) there is no signed writing, and (4) no exception applies to prevent application of the statute of frauds.[19] Although Judge Ables denied the Albins' prior motion that was limited to the sale of real estate issue, Judge Bill Palmer granted this motion on September 29, 2014 and found that the statute of frauds applies to the agreement.[20] The Albins then moved for a traditional and no-evidence summary judgment seeking to dismiss all Plaintiffs' claims in light of Judge Palmer's

---

[15] 1 C.R. at 53-55.
[16] 1 C.R. at 16-49, 146-193, 239-263.
[17] 1 CR at 16-23.
[18] 1 CR at 144-145.
[19] 1 CR at 146-157.
[20] 1 CR at 238.

September 29, 2014 ruling.[21] Judge Palmer granted this motion on December 8, 2014,[22] and this appeal followed.

---

[21] 1 CR 239-243.

[22] 1 CR 316.

## Summary of the Argument

The trial court improperly subjected the parties' oral partnership agreement to the statute of frauds.

The parties entered into an oral partnership agreement to jointly develop property owned by the Albins. The partnership agreement did not require the conveyance of any real property. That fact was established by the summary judgment evidence and was uncontroverted. After substantial performance by Bakke, the Albins wholly repudiated the partnership agreement and all of their obligations under the agreement.

The trial court first properly ruled in this matter by denying Albins' motion for summary judgment regarding the applicability of the statute of frauds to the parties' agreement. Thereafter, the Albins presented what was essentially the same motion to the court. On the second attempt, the trial court ruled that the statute of frauds did apply and ultimately dismissed all of Bakke's claims.

The trial court's application of the statute of frauds to an oral partnership agreement whose purpose is to jointly develop real property is contrary to the case law regarding the statute of frauds, undermines Texas law regarding formation of oral partnerships and would serve to render most oral joint ventures for the development of real property unenforceable.

Accordingly, the trial court was in error for applying the statute of frauds to a partnership whose formation was factually established to be for the joint development and not conveyance of real property.

**Argument**

## 1.      Standard of Review

This Court reviews a summary judgment de novo.[23] When reviewing a traditional summary judgment in favor of a defendant, the Court determines whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense.[24] The Court must take evidence favorable to the nonmovant as true and must indulge every reasonable inference and resolve every doubt in Bakke's favor.[25]

When reviewing a no-evidence summary judgment, the Court inquires whether the nonmovant adduced sufficient evidence to raise a genuine issue of fact on the challenged elements. Appellate courts "review the evidence in the light most favorable to the respondent against whom the summary judgment was rendered. If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment cannot properly be granted."[26] That is, a no-evidence summary judgment should be reversed if the

---

[23] *N.E. Indep. Sch. Dist. v. Kelley*, 277 S.W.3d 442, 444 (Tex. App.—San Antonio 2008, no pet.).

[24] *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

[25] *See Sysco Food Serv., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994).

[26] *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

evidence is sufficient for reasonable and fair-minded jurors to differ in their conclusions.[27]

**2. The statute of frauds is inapplicable because the agreement can be performed in less than one year.**

The statute of frauds requires a signed writing for "an agreement which is not to be performed within one year from the date of making the agreement."[28] The Albins argued to the trial court that the partnership agreement was subject to the statute of frauds because development of the apartment complex would likely take more than one year.[29] This argument fails for three reasons.

First, a partnership is performed on formation. The Texas Organizations Code expressly provides for the creation of an oral partnership.[30] Once agreed upon, the partnership is fully performed.[31] That is, the formation of the partnership satisfies its performance requirement. Thus, the Statute of Frauds does not apply.

Second, the Partnership was for an indefinite term and could be terminated at any time under the Business Organization Code.[32] Partnerships that are formed for an indefinite term are not within the statute of frauds even if "the parties

---

[27] *See Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam).

[28] Tex. Bus. & Comm. Code § 26.01(b)(6).

[29] 1 C.R. at 149-150.

[30] Tex. Bus. Org. Code § 152.052.

[31] *Howell v. Bowden*, 368 S.W.2d 842, 846 (Tex. App.—Dallas 1963, writ ref'd n.r.e.) (holding that an oral contract to form a partnership was fully performed when the partnership was formed).

[32] 1 C.R. at 212.

contemplated such agreement to extend beyond a year."[33] This is because, absent an agreement on duration, the partners can terminate the partnership at any time and the partnership is susceptible to being performed within a year.[34] In short, if a partnership can be terminated at will—as with the Partnership in this case—then it can be performed within a year as a matter of law and thus falls outside the statute of frauds.

Finally, it is irrelevant if the parties expected the apartment complex development to take longer than one year. The inquiry is whether or not the "contract could possibly be performed within a year, however improbable performance within a year may be."[35] "It makes no difference how long the parties expect performance to take or how reasonable and accurate those expectations are, if the agreed performance can possibly be completed within a year."[36]

To that end, the development of an apartment complex was one of many possible development opportunities for the property.[37] The partnership agreement

---

[33] *Boutell v. Hill*, 498 S.W.2d 713, 714 (Tex. App.—El Paso 1973, no writ).

[34] *Howell*, 368 S.W.2d at 846; *Heathington v. Heathington Lumber*, 398 S.W.2d 822, 825-826 (Tex. App.—Amarillo 1996, writ ref'd n.r.e.) (holding that the statute of frauds did not apply to an oral partnership that was terminable at will and thus susceptible to performance within a year); *Shropshire v. Adams*, 40 Tex. Civ. App. 339, 89 S.W. 448 (Tex. Civ. App. 1905, no writ).

[35] *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 149 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

[36] *Keystone Int'l, Inc. v. Ingham*, 593 S.W.2d 354, 357 (Tex. App.—Texarkana 1979, no writ).

[37] 1 C.R. at 212.

did not restrict the property to any particular development.[38] The ultimate way in which the property would be developed was subject to change, and many of the development opportunities could have been fully completed within one year.[39] Thus, the partnership agreement is not subject to the statute of frauds.

**3. The statute of frauds does not apply because the partnership agreement does not involve the conveyance of real estate.**

The Albins argued to the lower court that the statute of frauds applies because the partnership agreement involves the sale of real estate.[40] Tellingly, Judge Ables rejected this argument when he denied the Albins' first motion for summary judgment.[41] Although the Albins re-raised this argument in its later motions, the Albins never moved for reconsideration April 22, 2014 Order nor did the court vacate this order. Thus, Judge Palmer presumably based his granting of the Albins later motions for summary judgment on other grounds that were not present in the Albins' original motion—namely that the agreement allegedly could not be performed within one year. Out of an abundance of caution, however, Bakke will show that the partnership agreement does not involve the sale of real estate.

---

[38] 1 C.R. at 212.

[39] 1 C.R. at 212.

[40] 1 C.R. at 18-19, 150-151.

[41] 1 C.R. at 144-145.

The statute of frauds requires a signed writing for "a contract for the sale of real estate."[42] The partnership agreement did not contain an agreement for the conveyance of real property.[43] The summary judgment evidence established that the partnership was formed for the purpose of jointly developing real property and did not require the conveyance of the property.[44]

Under Texas law, merely because a partnership agreement involves real estate development does not bring the agreement within the purview of the statute of frauds. In *Sewing v. Bowman*,[45] the plaintiff sought damages for breach of a partnership agreement wherein the parties agreed that they would equally own the properties and would share equally in the rents and profits.[46] The defendant claimed that the trial court erred in not granting a directed verdict against the plaintiff on the basis that enforcement of the agreement was barred by the statute of frauds. The court held that "[m]erely because a partnership agreement contemplates transactions in real estate does not transform the partnership itself into a transaction for the sale of real estate, bringing it under the statute of

---

[42] Tex. Bus. & Comm. Code § 26.01(b)(4).

[43] 1. C.R. at 228.

[44] 1 C.R. at 228.

[45] 371 S.W.3d 321 (Tex. App.—Houston [1st Dist.] 2012, writ denied).

[46] *Id.* at 324-325.

frauds."[47] Like the parties in *Sewing*, Bakke and the Albins agreed to form a partnership in which they would jointly develop certain property.

In moving for summary judgment, the Albins relied on *Pappas v. Gounaris*,[48] a 1958 case with a convoluted set of facts to support their position that the non-existent claim of specific performance is barred by the statute of frauds. In *Pappas*, the court addressed a narrow issue regarding the technical requirements for foreclosure of a deed of trust. *Pappas* fails to shed any meaningful light on this case. Bakke does not seek to foreclose any interest in realty or enforce any agreement for the conveyance of realty. Instead, Bakke seeks the recovery of damages for breach of a partnership agreement involving the development of real property.

Accordingly, the trial court erred in applying the statute of frauds to the parties' partnership agreement which was factually established to not require the conveyance of real property. Further, at a minimum, a fact issue was established regarding the parties' agreement, which should have prevented the granting the motion for summary judgment and ultimately dismissing Bakke's case in its

---

[47] *Id.* at 329. *See also Berne v. Keith*, 361 S.W.2d 592, 597 (Tex. Civ. App.—Houston 1962, writ ref'd n.r.e.) (holding that an "[a]greement to share in the profits of contemplated speculative deals in real estate does not involve transfer of real estate or interest in real estate within the statute of frauds").

[48] 311 S.W.2d 644, 645-646 (Tex. 1958).

entirety.  Bakke should be allowed to present the parties agreement to the jury for determination.

**4.    Equity prevents the application of the statute of frauds because Bakke partially performed on the agreement.**

Even assuming the statute of frauds applies, it would be unconscionable to allow the Albins to gain from their wrongful conduct. Bakke believes that the Albins never intended to perform under the agreement into which they entered with Bakke, yet they consciously and purposefully represented otherwise.[49]

Texas courts have long recognized partial performance as an equitable exception to the statute of frauds.[50] Equity will intervene to override the statute of frauds in circumstances where the agreement has been partially performed and enforcing the statute would itself amount to fraud.[51]

This case plainly requires the Court's equitable intervention to avoid this injustice. The summary judgment evidence shows that Bakke performed all its obligations under the parties' agreement prior to the Albins' repudiation.[52] It would be patently unjust to allow the Albins to prosper from their conduct and leave Bakke without any remedy. The jury should be allowed to decide whether the

---

[49] 1 C.R. at 223.
[50] *Bank of Texas v. Gaubert*, 286 S.W.3d 546, 553-554 (Tex. App.—Dallas 2009, pet. dismissed w.o.j.).
[51] *Id.*
[52] 1 C.R. at 213, 229.

Albins' conduct in this case justifies applying an exception to the statute of frauds.[53]

Here, equity should intervene to allow the jury to hear all the evidence and determine whether an exception should be applied. Accordingly, the trial court's order dismissing Bakke's claims should be reversed.

---

[53] *See Holloway v. Dekkers*, 380 S.W.3d 315, 320 (Tex. App.—Dallas 2012, no writ) (holding "the question of whether an exception to the statute of frauds applies is generally a question of fact" for the jury to decide).

## Prayer

The trial court in this case wrongly concluded that fully-formed oral partnerships are subject to the statute of frauds and overlooked the uncontroverted fact that the partnership agreement did not require the conveyance of real property. Accordingly, the trial court applied the statute of frauds in error and wrongly summarily dismissed all of Bakke's claims.

Bakke respectfully requests that this Court:

1. Hold that the statute of frauds does not as a matter of law apply to the partnership agreement and/or reverse the trial court's ruling regarding the application of the statute of frauds and/or find that a fact issue exists regarding the purpose of the parties' partnership agreement thereby necessitating the remand of this case.

2. Reverse the trial court's dismissal of Bakke's claims in this lawsuit.

3. Remand the case to the trial court for trial.

4. Award Bakke such other and further relief to which it is justly entitled.

Dated: April 8, 2015

Respectfully submitted,

**HORNBERGER FULLER & GARZA, INC.**

/s/ Mark A. Randolph

_____

**MARK A. RANDOLPH**
State Bar No. 0079148
randolph@hfgtx.com
7373 Broadway, Suite 300
San Antonio, Texas 78209
(210) 271-1700 Telephone
(210) 271-1730 Facsimile

**ATTORNEY FOR APPELLANT**

## Certificate of Compliance

Appellant certifies that this Brief contains 2,794 words. (Max 15,000)

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 8th day of April, 2015 in accordance with Texas Rule of Civil Procedure 9.5 on the following:

Counsel for Appellees Eddie L. Albin and Kim L. Albin: Mark Comuzzie and Matthew E. Vandenberg at Jackson Walker, LLP, 112 E. Pecan Street, Suite 2400, San Antonio, Texas 78205 (Fax No. 210-978-7790)

/s/ Mark A. Randolph

_____

Mark A. Randolph

NO. 04-15-00008-CV

# In The Court Of Appeals

# Fourth District of Texas – San Antonio

### BAKKE DEVELOPMENT CORPORATION

*APPELLANT*

**v.**

### EDDIE L. ALBIN and KIM L. ALBIN

*APPELLEES.*

*On Appeal from 216th District Court, Kendall County, Texas*
*Cause No. 13-192*

## APPENDIX IN SUPPORT OF APPELLANT'S BRIEF

| DOCUMENT | TAB |
|---|---|
| Order Granting Defendants' Motion for Partial Summary Judgment on Applicability of the Statute of Frauds, Sept. 29, 2014 | **A** |
| Order Granting Defendants' Second Hybrid Motion for Summary Judgment and Motion for Partial Summary Judgment in the Alternative | **B** |
| Texas Business Organizations Code § 152.052 | **C** |
| Texas Business & Commerce Code § 26.01 | **D** |
| Affidavit of Phillip P. Bakke, Mar. 28, 2014 | **E** |
| Affidavit of Jack Hebdon, Jr., Sept. 10, 2014 | **F** |

# APPENDIX TAB A

CAUSE NO. 13-192

| | | |
|---|---|---|
| BAKKE DEVELOPMENT CORP., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | 216TH JUDICIAL DISTRICT |
| | § | |
| EDDIE L. ALBIN and KIM A. ALBIN, | § | |
| | § | |
| Defendants. | § | KENDALL COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON APPLICABILITY OF THE STATUTE OF FRAUDS

On this day came on to be heard Defendants' Motion for Partial Summary Judgment on Applicability of the Statute of Frauds (the "Motion") filed by Defendants Eddie Albin and Kim Albin ("Defendants"). The Court, having read the Motion, Plaintiff's response thereto, the pleadings and papers on file, and having heard argument of counsel, is of the opinion that Defendants' Motion should be and is hereby GRANTED.

It is therefore ADJUDGED that the Texas "statute of frauds," Texas Business and Commerce Code Section 26.01, applies to the oral agreement alleged by Plaintiff in this cause and prohibits judicial enforcement of that agreement under any theory or cause of action for which the statute of frauds is a defense recognized under law.

SIGNED and ORDERED this 29 day of September, 2014.

_____
JUDGE PRESIDING

cc: Matthew Vandenberg 210 978 7790
Mark Randolph 210 271 1730

FILED
14 SEP 29 AM 11:47
KAY R. PUGH, DISTRICT CLERK
KENDALL COUNTY, TEXAS
BY_____ DEPUTY

238

# APPENDIX TAB B

CAUSE NO. 13-192

| | | |
|---|---|---|
| BAKKE DEVELOPMENT CORP., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | 216TH JUDICIAL DISTRICT |
| | § | |
| EDDIE L. ALBIN and KIM A. ALBIN, | § | |
| | § | |
| Defendants. | § | KENDALL COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' SECOND HYBRID MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PARTIAL SUMMARY JUDGMENT IN THE ALTERNATIVE

On this day came on to be heard Defendants' Second Hybrid Motion for Summary Judgment and Motion for Partial Summary Judgment in the Alternative (the "Motion") filed by Defendants Eddie Albin and Kim Albin ("Defendants"). The Court, having read the Motion, Plaintiff's response thereto, the pleadings and papers on file, and having heard argument of counsel, is of the opinion that Defendants' Motion should be and is hereby GRANTED.

It is therefore ORDERED, ADJUDGED and DECREED that Defendants' Second Hybrid Motion for Summary Judgment and Motion for Partial Summary Judgment in the Alternative, be, and is hereby, GRANTED.

It is further ORDERED, ADJUDGED and DECREED that FINAL JUDGMENT is GRANTED in favor of Defendants as to all claims and causes of action asserted by Plaintiff. This judgment is final and appealable.

SIGNED and ORDERED this 8 day of December, 2014.

_____
JUDGE PRESIDING

FILED
14 DEC -8 AM 8:34
KAY... DISTRICT CLERK
KENDALL COUNTY, TEXAS
BY_____ DEPUTY

316

<u>AGREED AS TO FORM:</u>

Faxed
12/8/14
hp

✓ By: _Matt Vandenberg_
Matthew E. Vandenberg
State Bar No. 24079501
Mark Comuzzie
State Bar No. 04654800

JACKSON WALKER L.L.P.
112 E. Pecan, Suite 2400
San Antonio, Texas 78205
Telephone: (210) 978-7741
Facsimile: (210) 978-7790

ATTORNEYS FOR EDDIE ALBIN
AND KIM ALBIN

✓ By: _Mark Randolph_ w/permission
Mark A. Randolph
State Bar No. 00791484

HORNBERGER SHEEHAN FULLER BEITER
WITTENBERG & GARZA INCORPORATED
7373 Broadway, Suite 300
San Antonio, Texas 78209
Telephone: (210) 271-1700
Facsimile: (210) 271-1730

ATTORNEYS FOR PLAINTIFF

11491924v.3

317

# APPENDIX TAB C

Vernon's Texas Statutes and Codes Annotated
   Business Organizations Code (Refs & Annos)
      Title 4. Partnerships (Refs & Annos)
         Chapter 152. General Partnerships
            Subchapter B. Nature and Creation of Partnership

V.T.C.A., Business Organizations Code § 152.052

§ 152.052. Rules for Determining if Partnership is Created

Effective: January 1, 2006
Currentness

(a) Factors indicating that persons have created a partnership include the persons':

(1) receipt or right to receive a share of profits of the business;

(2) expression of an intent to be partners in the business;

(3) participation or right to participate in control of the business;

(4) agreement to share or sharing:

(A) losses of the business; or

(B) liability for claims by third parties against the business; and

(5) agreement to contribute or contributing money or property to the business.

(b) One of the following circumstances, by itself, does not indicate that a person is a partner in the business:

(1) the receipt or right to receive a share of profits as payment:

(A) of a debt, including repayment by installments;

(B) of wages or other compensation to an employee or independent contractor;

(C) of rent;

(D) to a former partner, surviving spouse or representative of a deceased or disabled partner, or transferee of a partnership interest;

(E) of interest or other charge on a loan, regardless of whether the amount varies with the profits of the business, including a direct or indirect present or future ownership interest in collateral or rights to income, proceeds, or increase in value derived from collateral; or

(F) of consideration for the sale of a business or other property, including payment by installments;

(2) co-ownership of property, regardless of whether the co-ownership:

(A) is a joint tenancy, tenancy in common, tenancy by the entirety, joint property, community property, or part ownership; or

(B) is combined with sharing of profits from the property;

(3) the right to share or sharing gross returns or revenues, regardless of whether the persons sharing the gross returns or revenues have a common or joint interest in the property from which the returns or revenues are derived; or

(4) ownership of mineral property under a joint operating agreement.

(c) An agreement by the owners of a business to share losses is not necessary to create a partnership.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006.

Notes of Decisions (129)

V. T. C. A., Business Organizations Code § 152.052, TX BUS ORG § 152.052
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX TAB D

Vernon's Texas Statutes and Codes Annotated
  Business and Commerce Code (Refs & Annos)
    Title 3. Insolvency, Fraudulent Transfers, and Fraud
      Chapter 26. Statute of Frauds

V.T.C.A., Bus. & C. § 26.01

§ 26.01. Promise or Agreement Must Be in Writing

Effective: September 1, 2005
Currentness

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

  (1) in writing; and

  (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

  (1) a promise by an executor or administrator to answer out of his own estate for any debt or damage due from his testator or intestate;

  (2) a promise by one person to answer for the debt, default, or miscarriage of another person;

  (3) an agreement made on consideration of marriage or on consideration of nonmarital conjugal cohabitation;

  (4) a contract for the sale of real estate;

  (5) a lease of real estate for a term longer than one year;

  (6) an agreement which is not to be performed within one year from the date of making the agreement;

  (7) a promise or agreement to pay a commission for the sale or purchase of:

    (A) an oil or gas mining lease;

    (B) an oil or gas royalty;

(C) minerals; or

(D) a mineral interest; and

(8) an agreement, promise, contract, or warranty of cure relating to medical care or results thereof made by a physician or health care provider as defined in Section 74.001, Civil Practice and Remedies Code. This section shall not apply to pharmacists.

**Credits**

Acts 1967, 60th Leg., vol. 2, p. 2343, ch. 785, § 1. Amended by Acts 1977, 65th Leg., p. 2053, ch. 817, § 21.01, eff. Aug. 29, 1977; Acts 1987, 70th Leg., ch. 551, § 1, eff. Aug. 31, 1987; Acts 2005, 79th Leg., ch. 187, § 1, eff. Sept. 1, 2005.

Notes of Decisions (2132)

V. T. C. A., Bus. & C. § 26.01, TX BUS & COM § 26.01
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX TAB E

CAUSE NO. 13-192

| BAKKE DEVELOPMENT CORP., | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 216TH JUDICIAL DISTRICT |
| | § | |
| EDDIE L. ALBIN and KIM A. ALBIN, | § | |
| | § | |
| Defendants. | § | KENDALL COUNTY, TEXAS |

## AFFIDAVIT OF PHILLIP P. BAKKE

| STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF BEXAR | § |

Before me, the undersigned notary, on this day, personally appeared Phillip P. Bakke, a person whose identity is known to me. After I administered the oath to him, upon his oath, he said:

1. My name is Phillip P. Bakke. I am over 18 years of age and of sound mind, have personal knowledge of every statement made in this Affidavit, am fully competent to testify to the matters stated in this Affidavit, and all statements made herein are true and correct.

2. I am the President of Bakke Development Corp. ("Bakke") and have been at all times relevant to the matters contained in this Affidavit. Bakke has developed numerous properties in the Boerne, Texas area.

3. In October/November of 2012 I personally met with Eddie L. Albin ("Albin") regarding the formation of a joint venture for the purpose of developing a tract of land owned by Albin in Boerne, Texas known as the Theis Property. The plan presented and exclusively created by Bakke was to develop an apartment complex/mixed use development on the property. Albin informed me that he had authority to enter into a joint venture for this purpose and to the extent that approval of his wife, Kim Albin, was required, that he had such approval and authority.

4. Albin was presented with a written statement of the parties' partnership agreement. After presentation of the terms, Bakke and Albin agreed and

{00047098.1}

1



227

entered into a partnership agreement for the development of the Theis Property. The terms of the partnership agreement are:

i.      Albin agreed to contribute the Theis Property to the Partnership;

ii.     Bakke agreed to contribute to the Partnership a retail shopping center and the associated real property located in Kendall County, Texas known as the "Menger-Shumard Retail Center";

iii.    Bakke agreed to pay debt associated with the Theis Property out of cash flow from the Menger-Shumard Retail Center and/or through the proceeds of debt financing obtained by Bakke;

iv.    Bakke agreed to develop and operate the Project; and

v.     Bakke and Albin agreed to equally share the profits and losses of the Project.

5.     This Affidavit is primarily focused on the first term of the agreement. That is, Albin's requirement under the partnership agreement was to contribute the Theis Property for development. At no time was it necessary for the Theis Property to be conveyed by deed to the partnership. The agreement required Albin to contribute the use of his property for the development of the Theis Property into an apartment complex/mixed use development. We did not discuss or agree to the literal conveyance of the Theis Property by way of a deed at the time of the formation of the partnership which is the subject of this lawsuit. The agreement was that his property would be developed by Bakke and that the parties would equally share in the profits and losses of the project. Thereafter, Albin repudiated the agreement and has refused Bakke the use of the Theis Property necessitating the filing of this lawsuit.

6.     Immediately after entering into the partnership agreement and in reliance on the partnership agreement, Bakke began to perform under the terms of the agreement. That is, Bakke spent innumerable hours meeting or conferring with elected and other city of Boerne officials, bankers, U.S. Department of Housing officials, engineers, architects, and mortgage bankers. As part of the performance of the agreement, Bakke arranged financing of approximately $2,500,000 to provide capital for the purpose of developing

the project. As a result of Albin's repudiation of the agreement, extremely valuable U.S. Department of Housing and Urban Development, non-recourse, market rate financing has been lost. In addition, Bakke has expended thousands of dollars towards the development of Theis Property including fees for surveying, engineering, legal fees, architecture, consultants, and mortgage banker related fees. All of this was performed for the purpose of developing the Theis Property per the parties' agreement. Expenses incurred were funded through the cash flow from the Menger-Shumard Shopping Center which was contributed to the partnership as was required by the parties' agreement. The Menger-Shumard Shopping Center remains obligated to the partnership as is required under the partnership agreement.

7.  Bakke performed all of its obligations under the partnership agreement up to the time that Albin repudiated the agreement. Bakke used its relationships, capital and experience to bring this project into existence all of which has been lost as a result of Albin's repudiation. As a result, Bakke has lost millions of dollars in expected profits from the project.

Further Affiant sayeth not.

Phillip Bakke

Subscribed and sworn to before me on this 28th day of March, 2014.

Notary Public, State of Texas

L A U R A  A.  Ehnstrom
Printed Name

My Commission Expires  8-16-16



LAURA A. EHNSTROM
MY COMMISSION EXPIRES
August 16, 2016

{00047098.1}

3

# APPENDIX TAB F

CAUSE NO. 13-192

| | | |
|---|---|---|
| BAKKE DEVELOPMENT CORP., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | 216TH JUDICIAL DISTRICT |
| | § | |
| EDDIE L. ALBIN and KIM A. ALBIN, | § | |
| | § | |
| Defendants. | § | KENDALL COUNTY, TEXAS |

BAKKE DEVELOPMENT CORP., § IN THE DISTRICT COURT
§
Plaintiff, §
v. § 216ᵀᴴ JUDICIAL DISTRICT
§
EDDIE L. ALBIN and KIM A. ALBIN, §
§
Defendants. § KENDALL COUNTY, TEXAS

## **AFFIDAVIT OF JACK HEBDON, JR.**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

Before me, the undersigned notary, on this day, personally appeared Jack Hebdon, Jr., a person whose identity is known to me. After I administered the oath to him, upon his oath, he said:

1.  My name is Jack Hebdon, Jr. I am over 18 years of age and of sound mind, have personal knowledge of every statement made in this Affidavit, am fully competent to testify to the matters stated in this Affidavit, and all statements made herein are true and correct.

2.  I am the Chief Financial Officer of Bakke Development Corp. ("Bakke") and have been at all times relevant to the matters contained in this Affidavit.

3.  In October/November of 2012 I personally met with Eddie L. Albin ("Albin") regarding the formation of a joint venture for the purpose of developing a tract of land owned by Albin in Boerne, Texas known as the Theis Property.

4.  Albin was presented with a written statement of the parties' partnership agreement. After presentation of the terms, Bakke and Albin agreed and entered into a partnership agreement for the development of the Theis Property in October/November of 2012. The terms of the partnership agreement are:

    i.  Albin agreed to contribute the Theis Property to the

{00064226.1}

1



211

Partnership;

    ii.    Bakke agreed to contribute to the Partnership a retail shopping center and the associated real property located in Kendall County, Texas known as the "Menger-Shumard Retail Center";

    iii.    Bakke agreed to pay debt associated with the Theis Property out of cash flow from the Menger-Shumard Retail Center and/or through the proceeds of debt financing obtained by Bakke;

    iv.    Bakke agreed to develop and operate the Project; and

    v.    Bakke and Albin agreed to equally share the profits and losses of the Project.

5.    The agreement establishing the partnership did not contain an agreed upon time period. It was terminable by any party at any time.

6.    The parties originally contemplated the development of the Theis Property into an apartment complex and/or a mixed use development. Multiple ideas were contemplated for the development of the Theis Property, many of which could have been performed within one year of the formation of the partnership. For example, the property could have been partially developed and sold as tracts to the ultimate end user or the partnership could have built a limited infrastructure on the property and sold the entire tract as raw land. It was considered that the property be used as a medical office complex with individual tracts being sold as part of a medical office building development. All of these uses of the property could have been performed within one year of the date of the formation of the partnership.

7.    The agreement did not specify a time for the termination of the partnership and did not specify a specific use for the property.

{00064226.1}

2

8. Bakke performed all of its obligations under the partnership agreement up to the time that Albin repudiated the agreement. The partnership was fully formed and in existence from the date of its formation.

Further Affiant sayeth not.

_____
Jack Hebdon, Jr.


Subscribed and sworn to before me on this _10TH_ day of September, 2014.

MARIA E GUERRERO
NOTARY PUBLIC
State of Texas
Comm. Exp. 08-07-2018

_____
Notary Public, State of Texas

_Maria E. Guerrero_
Printed Name

My Commission Expires _8-07-18_